By the Court—White, J.
In this case, which is an action commenced in 1855, to recover money ($2,100 and interest) upon an old contract, a sealed instrument, dated in 1837, the defendants, by their answer, denied that the plaintiffs’ assignors had performed the duties, the performance of which, by the terms of the contract, would have entitled them to the money claimed. The case was referred, and on the trial before the Referee, the plaintiffs failed to prove a full performance upon their part; but certain testimony was given which they contended established a waiver by the defendants of such full performance. When summing up before the Referee, the plaintiffs’ counsel moved to amend the complaint by inserting in it an allegation of waiver and consent by the defendants as to the particulars in which full performance had not been proved; and thus to conform the pleadings to the facts proved. The defendants’ counsel consented to the proposed amendment, provided the defendants were allowed to amend their answer so as to meet the plaintiffs’ amendment. The Referee stated that they should be allowed to do so, and leave to amend was accordingly granted; but nothing further was then said or done as to the form of the amendments or reducing them to writing. The plaintiffs’ counsel proceeded with his summing up, the Referee reported in favor of the plaintiffs, for $2,100 and interest; and a judgment was thereupon entered, from which an appeal was taken by the defendants to the General Term, *635 Subsequently, when the parties appeared before the Referee, to settle the proposed amendments to the pleadings, the defendants desired to amend by interposing a plea of the statute of limitations to the new parol contract, which the amendment of the complaint presented. The plaintiffs objected to any other amendment of the answer than a simple denial of the allegation of a waiver.
The Referee was inclined to impose this limitation upon the defendants, but he made a special report of what took place before him, upon the plaintiffs’ original motion to amend, stating it substantially as it is given above; and he added, that his understanding at the time was, that the defendants’ amendment was to be only a denial of the allegation of waiver.
Upon this special report and all the pleadings and proceedings in the cause, the defendants moved at Special Term to amend, by pleading, as they had proposed to do, the statute of limitations.
On this motion, after hearing both parties, the Court at Special Term made an order directing, in substance, that if the plaintiffs, within a time specified, elect to withdraw their motion to amend, the cause shall then stand as if no motion to amend had ever been made; but if the plaintiffs do not withdraw their amendment, then the judgment shall be vacated and the defendants be allowed to amend by interposing, without restriction, any legal defense which they may possess, the statute of limitations or any other, and that the cause be sent back to the Referee for a new or further trial upon both the old and the new issues.
From this order the plaintiffs have appealed.
We think the order was correct. Upon a complaint being amended in a material particular, the defendants’ right to answer the amended complaint by interposing any lawful defense which he may possess, is absolute and unrestricted. The order must therefore be affirmed, with ten dollars costs to the defendants.